IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION    MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Nonnamaker, et al. v. Ethicon, Inc., et al.*    Civil Action No. 2:14-cv-00136

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion to Dismiss with Prejudice filed by Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson (collectively "Ethicon"). [Docket 8]. Plaintiffs have not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review.

Ethicon's Motion arises from this court's Order [Docket 7], entered on August 17, 2015, denying Ethicon's Motion for Sanctions, including monetary penalties, dismissal and any other sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order # 17. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. (*See* Order [Docket 7], at 4–7 (applying the *Wilson* factors to the plaintiffs' case)).[1]

---

[1] The *Wilson* factors are as follows:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

Concluding that the first three factors weighed in favor of sanctions as requested by Ethicon, I nevertheless declined to award the requested sanction of $100 for each day the PPF was late because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiffs "a final chance to comply with discovery." (*Id.* at 7). I afforded the plaintiffs 30 business days from the entry of the Order to submit to Ethicon a completed PPF, with the caveat that a failure to do so "will result in dismissal with prejudice upon motion by the defendant." (*Id.*). Despite this warning, the plaintiffs have again refused to comply with this court's orders and did not provide Ethicon with their PPF within the 30-day period. Consequently, Ethicon moved to dismiss the case with prejudice.

Because the less drastic sanction instituted against the plaintiffs has had no effect on their compliance with and response to this court's discovery orders, which the plaintiffs have continued to blatantly disregard, I find that dismissal with prejudice is now appropriate. For the reasons explained in my August 17, 2015 Order [Docket 7], it is **ORDERED** that Ethicon's Motion to Dismiss with Prejudice [Docket 8] is **GRANTED**, and this case is **DISMISSED with prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 12, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE